UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

RODNEY S. KELSEY,

                Plaintiff,


   v.                                                Civil Action No._____


COMMERCIAL RECOVERY SYSTEMS, INC.,


                Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1.  Plaintiff, Rodney S. Kelsey, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter referred to as "FDCPA") for a finding that Defendant's debt collection efforts violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA.

### II.  JURISDICTION AND VENUE

2.  Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3.  Venue is proper in this District under 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4.  Plaintiff, Rodney S. Kelsey ("Kelsey"), is a natural person residing in the county of
    Chautauqua and State of New York and is a "consumer" as that term is defined by 15
    U.S.C § 1692a(3).

5.  Defendant, Commercial Recovery Systems, Inc. ("CRS"), is a New York State foreign
    business corporation, and is a debt collector as defined by 15 U.S.C. § 1692a(6).  The
    New York State Department of State indicates a registered address for service of process
    as Commercial Recovery Systems, Inc., Wade Thunhorst, 8035 E. R.L. Thornton/#220,
    Dallas, Texas 75228.

6.  The acts of the Defendant alleged in this Complaint were performed by its employees
    acting within the scope of actual or apparent authority.

7.  All references to "Defendant" or "CRS" shall mean the Defendant or an employee of the
    Defendant.

### IV. FACTUAL ALLEGATIONS

8.  In or about August of 2006, Plaintiff incurred a financial obligation to CitiFinancial in
    connection with the origination of consumer credit for the purchase of a family
    automobile that was primarily used for personal, family, or household purposes; the
    associated debt is, therefore, a "debt" as that term is defined by 15. U.S.C. § 1692a(5).

9.  The automobile was purchased for approximately $25,831.83

10. Subsequent to the origination of the subject debt, a payment default occurred.

11. As such, the automobile was repossessed in or about the end of 2007 and, upon
    information and belief, sold at an auction.

2

12. After the auction of the automobile, Kelsey was responsible for the deficiency balance; that is, the total amount owed on the account minus the amount that was secured by the auctioning-off of the automobile.

13. From August of 2008 through September of 2010, CitiFinancial used an agency by the name of Professional Bureau of Collections of Maryland, Inc. to collect on the deficiency balance of the account.

14. On September 6, 2010, Kelsey received written notice from Santander Consumer USA ("Santander") indicating that, while CitiFinancial retained ownership of the account, Santander would be servicing the loan.

15. The September 6, 2010 notice from Santander indicated a balance remaining of $12,972.09.

16. The subsequent collection notices, however, continued to be sent from Professional Bureau of Collections of Maryland, Inc.  The notices indicated that the "current creditor" was Santander Consumer USA, and that the "Original Creditor" was CitiFinancial.

17. Over the course of the next several months, Kelsey made payments on the account of $50.00 per month.

18. Then, in February of 2012, by letter dated February 27, 2012, Kelsey received a written communication from CRS.  The top of the letter had the words "Urgent Communication." The collection notice indicated that the account was with regard to "Citi."

19. The collection notice indicated that balance owing was $24,704.65.

20. Shocked, Kelsey obtained two credit reports in March of 2012.  The Equifax report indicated that Santander Consumer USA charged-off $12,972, that the balance due was

$12,372, and that the amount past due was $11,789.  The TransUnion report also indicated that the past due amount was $11,789 and that the balance due was $12,372.

21. Plaintiff's credit report also indicated that CRS made a credit inquiry on or about February 28, 2012.  As such, CRS was fully aware that the amount owed on the account was substantially less than CRS was attempting to collect.

22. Within 30 days of receiving the February 27, 2012 communication from CRS, Kelsey forwarded a written dispute of the debt and request for verification of the debt.  This letter was sent via FedEx on March 23, 2012, and received by CRS on March 27, 2012 at 9:58 a.m. in Dallas, Texas, and signed for by C. Sharzin.

23. Undaunted, and without first providing the required verification of the debt to Kelsey, a CRS collection representative contacted the Plaintiff's wife, Elizabeth Kelsey, on or about April 10, 2012 at approximately 9:28 a.m.

24. The collection representative still asserted that the amount owed on the account was approximately $24,000.

25. The collection representative admitted that he was in receipt of Kelsey's dispute letter and request for verification, and admitted that the required verification had not yet been mailed to the Plaintiff, but, nevertheless, continued with collection efforts.

26.  The collection representative indicated that CRS would accept a "one-time deal" of half of the amount owed to settle the account.  This false deal was a merely a false, misleading, and deceptive collection tactic to trick the consumer into thinking that the collector was offering a deal.  In actuality, the CRS was seeking payment in full of the account.

27. By letter dated April 10, 2012, CRS forwarded verification of the debt, but still asserted that a balance of $24,704.65 was due and owing.  The April 10, 2012 letter again offered as "full and final settlement" the amount of $12,400, and said letter also indicated that if the settlement amount was not received by April 30, 2012, the "full balance will be due."

28. The April 10, 2012 letter is misleading, false, and deceptive.  CRS was attempting to collect the full amount due, but represented its effort as a substantial "settlement."

29. As a result of CRS's FDCPA violations, the Plaintiff has suffered damages.

30. Each of the aforementioned FDCPA violations occurred within one year of the date of this complaint.

## V. CAUSE OF ACTION

31. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 30 above.

32. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

   a. Defendant violated 15 U.S.C § 1692e(2)(A) by making a false representation as to the amount of the debt owed when it sent the February 27, 2012 and April 10, 2012 collection letters, and again during the telephone communication in April of 2012.

   b. Defendant violated 15 U.S.C § 1692g(b) by failing to cease debt collection efforts until the verification of the debt was mailed to the Plaintiff.

   c. Defendant violated 15 U.S.C § 1692f(1) by using unfair and unconscionable means to attempt to collect a debt by attempting to collect an amount that was substantially more than actually owed and, as such, an unauthorized amount.

5

    d.   Defendant violated 15 U.S.C § 1692e by using false, misleading, and deceptive statements by informing the consumer that a "one-time deal" was offered to settle the account for half of what was owed, and that half of the amount owed equaled approximately $12,000.

    WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Damages pursuant to 15 U.S.C. § 1692k;

(b) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(c) For such other and further relief as may be just and proper.

## V.  JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  April 16, 2012

s/Brad J. Davidzik_____
Brad J. Davidzik, Esq.
Jeffrey Freedman Attorneys at Law
Attorneys for Plaintiff
424 Main Street, Suite 622
Buffalo, New York 14202
(716) 856-7091
Email: bdavidzik@jeffreyfreedman.com

6